IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-01825-CNS

PRINCE JONES,

    Petitioner,

v.

A. CIOLLI,

    Respondent.

## ORDER

    Petitioner Prince Jones is a convicted and sentenced prisoner in the custody of the Federal Bureau of Prisons (BOP) at the U.S. ADMAX Penitentiary in Florence, Colorado. He brings this habeas corpus action under 28 U.S.C. § 2241, seeking to have 250 hours of forfeited and disallowed good conduct time (GCT) restored. According to Mr. Jones, the GCT should be restored because he has had four consecutive clear conduct assessments. The BOP disagrees, arguing that GCT is not eligible for restoration under its inmate discipline program. For the following reasons, the Court finds that the GCT credit should not be restored and so DENIES Petitioner's habeas corpus petition.

### I. BACKGROUND

    Mr. Jones is serving a criminal sentence in federal prison for kidnapping, robbery,

1

and armed robbery that occurred in October of 2013.[1] ECF No. 19-1 at 6. The sentence was imposed by the District of Columbia Superior Court. *Id.* There is currently no dispute about the terms of the sentence. Instead, Mr. Jones advances one claim in his § 2241 petition.

The claim is titled as follows: "Entitled to Restoration of Good Conduct Time." ECF No. 1 at 2. Mr. Jones contends that he "is entitled to have the 250 disallowed, and forfeited Good Conduct Time (GCT) which was forfeited, restored." *Id.* Mr. Jones contends that "once a[n] inmate has had two or more clear conduct assessments the inmate is entitled to have the (GCT) that [was] forfeited restored." *Id.* By his count, Mr. Jones has had four consecutive clear conduct assessments. He therefore concludes that his sentence is being unconstitutionally extended in violation of the 5th and 8th Amendments, and asks the Court to restore the forfeited and disallowed GCT pursuant to 28 C.F.R. § 541.3. *Id.* at 4.

The BOP disagrees. It explains that a total of 244 days of GCT was forfeited and disallowed based on eight disciplinary convictions that Mr. Jones incurred from 2015 to 2020.[2] ECF No. 19 at 2. Additionally, the BOP states that the GCT is not eligible for restoration under the applicable regulations and program statements. *Id.* at 2–4. Because

---

[1] Because Mr. Jones's offenses concluded after April 26, 1996—the effective date of the Prison Litigation Reform Act of 1995 (PLRA)—the BOP must calculate his sentence according to that sentencing law. *See United States v. Wilson*, 503 U.S. 329 (1992) (recognizing that the Attorney General, through the BOP, is responsible for computing the amount of sentencing credit a prisoner is to receive by statute). As such, the calculation of Mr. Jones's GCT credit is governed by the PLRA and 18 U.S.C. § 3624(b).

[2] It is unclear how Mr. Jones arrived at the 250-hour GCT figure. However, it is clear from his inmate disciplinary record, furnished by Respondent as an exhibit, that 244 hours of GCT has been disallowed or forfeited. *See* ECF No. 19-1 at 15–19.

2

the GCT is not eligible for restoration, the BOP concludes that the habeas petition must be denied. *Id.* at 2–6.

The Court will now discuss whether Mr. Jones establishes a basis for habeas relief.

## II. DISCUSSION

"Petitions under § 2241 are used to attack the execution of a sentence[.]" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). Habeas corpus relief is warranted only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 3624 in Title 18 of the United States Code generally governs how GCT may be earned and lost. The relevant part of the statute states:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, **subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.**

18 U.S.C. § 3624(b)(1) (emphasis added). GCT does not vest until "the date the prisoner is released from custody." 28 U.S.C. § 3624(b)(2).

There are at least two ways GCT can be reduced. The BOP may "disallow" GCT. This occurs when the BOP disallows a given amount of GCT during a calendar year, reducing the amount that the prisoner earns in that year. For example, if a prisoner violates an institutional disciplinary regulation and the BOP decides to disallow 10 days of GCT credit, the hypothetical prisoner would earn only 44 days of GCT credit out of a

3

possible 54 days of GCT credit for that year. *See* 18 U.S.C. § 3624(b)(1) ("[I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.").

Distinct from disallowance, previously earned GCT credit may be "forfeited." GCT is forfeited when previously earned GCT credit is revoked by a Disciplinary Hearing Officer after a prisoner is found to have committed an institutional violation. *See* 28 C.F.R. § 541.3 (detailing prohibited acts and available sanctions). Although an inmate may only be "disallowed" GCT for the current year (*i.e.*, up to a maximum of 54 days per year), GCT earned in prior years may be forfeited (*i.e.*, more than 54 days per year may be forfeited based on disciplinary infractions). *Id.*

Here, Mr. Jones's forfeited GCT should not be restored. Mr. Jones does not take issue with the disciplinary convictions he was found to have committed. Because of those disciplinary convictions, he was required to lose good conduct sentence credit as a mandatory disciplinary sanction. 28 C.F.R. § 541.4(a)(2) (requiring "PLRA inmates and DC Code offenders" to lose good conduct sentence credit as a mandatory disciplinary sanction). More importantly, the BOP's Inmate Discipline Program Statement does not allow forfeited GCT to be restored: "*Forfeited good conduct time* (GCT) is not eligible for restoration." *See* Program Statement No. 5270.09 at 13. As Respondent notes, it is possible that Mr. Jones conflates GCT with statutory good time (SGT)—SGT may be

4

restored. ECF No. 19 at 4; Program Statement No. 5270.09 at 13. But SGT is not at issue in this case, so restoration is not available.

Mr. Jones points to 28 C.F.R. § 541.3 to support the restoration of his GCT. That regulation, however, does not authorize the restoration of GCT. To the contrary, it delineates a number of prohibited acts and the sanctions that may be imposed for committing a prohibited act.

Finally, Mr. Jones argues in his reply that, pursuant to § 541.3, "the BOP can only forfeit or disallow Good Conduct Time credit from the 54 GCT days for the current year in which the offence occurred and further can only disallow or forfeit Good Conduct Time credit not both." ECF No. 24 at 3. The argument fails for at least three reasons.

One, the argument appears for the first time in Mr. Jones's reply brief. As such, the argument is waived. *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

Two, Mr. Jones generally contends that more than 54 days of GCT were disallowed or forfeited in 2015 and 2019. Yet he does not explain how any disciplinary conviction resulted in a sanction that exceeded those authorized by § 541.3. Mr. Jones's undeveloped argument regarding the number of days the BOP could forfeit or disallow for an unspecified disciplinary conviction (or convictions) has likewise been waived. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Three, in both 2015 and 2019, Mr. Jones committed disciplinary infractions of the most severe category: "Greatest Severity Level Prohibited Acts." 28 C.F.R. § 541.3; ECF No. 19-1 at 16, 18 (assaulting a staff member with serious injury and possessing marijuana). Because he committed Greatest Severity Level offenses, the regulations authorized the BOP to sanction Mr. Jones for a Greatest Severity Level offense, including the "[f]orfeit[ure] and/or withhold[ing] of earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time[.]" 28 C.F.R. § 541.3(b), Table 2. As such, § 541.3(b) authorized the BOP to *forfeit* up to 100% of Mr. Jones's previously earned GCT on top of *disallowing* GCT for each particular year. Mr. Jones does not show that more than 54 days of GCT was disallowed in any particular year.

In all, Mr. Jones does not establish that the BOP has erred in forfeiting or disallowing GCT credit based on his numerous disciplinary convictions.

### III. CONCLUSION

Because Mr. Jones fails to establish that he is in custody in violation of the Constitution or laws or treaties of the United States, there is no basis for habeas relief under § 2241. It is therefore ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DENIED and this action is DISMISSED.

Dated this 5th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge